IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY HARDY, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-09-1472 |
| § | |
| RICK THALER, TEXAS § | |
| DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING**
**RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 13) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1), and Petitioner's Motion for an Evidentiary Hearing (Document No. 18). Having considered the motions, the responses in opposition (Document Nos. 17 & 20), the claims raised by Petitioner in his § 2254 Application (Document No. 1), the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 15) be GRANTED, that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) and Motion fo an Evidentiary Hearing (Document No. 18) both be DENIED, and that this case be DISMISSED WITH PREJUDICE.

**I.      Introduction and Procedural History**

Gregory Hardy ("Hardy") is currently incarcerated in the Texas Department of Criminal

Justice, Correctional Institutions Division, as a result of a 2006 felony conviction in the 184th District Court of Harris County, Texas, for arson, Cause No. 1050571. On December 16, 2005, Hardy was charged by Indictment in the 184th District Court of Harris County, Texas, with the felony offense of arson. The Indictment also alleged two prior convictions for enhancement purposes. On January 12, 2006, a jury found Hardy guilty. Upon Hardy's election to have the trial court assess his punishment, and upon his plea of true to the two prior convictions alleged for enhancement purposes, the trial court sentenced Hardy to sixty-five years incarceration.

Hardy appealed. In an unpublished order entered on June 21, 2007, Texas' First Court of Appeals affirmed Hardy's conviction. *Hardy v. State*, No. 01-06-00101-CR. Hardy did not file a petition for discretionary review. He did file a state application for writ of habeas corpus on November 6, 2007, but that application was denied by the Texas Court of Criminal Appeals on September 24, 2008, on the findings of the state trial court without a hearing.

Hardy filed his § 2254 application for writ of habeas corpus on or about May 7, 2009 (the date the application was signed by Hardy). Respondent has filed a Motion for Summary Judgment (Document No. 13), to which Hardy has filed a response in opposition (Document No. 17). Hardy has also filed a Motion for an Evidentiary Hearing (Document No. 18). This § 2254 proceeding is ripe for ruling.

**II.   Claims**

Hardy raises six claims in this § 2254 proceeding:

1.   that his conviction and sentence are illegal because the trial court dismissed the charges in Cause No. 1022356, the case which was submitted to the jury;

2.      that his appellate counsel was ineffective for filing an *Anders* brief and for failing to file a petition for discretionary review;

3.      that his trial counsel was ineffective for failing to conduct an investigation and failing to call alibi witnesses from the place where Hardy was employed;

4.      that there is insufficient evidence to support his conviction and that an improper fire investigation was conducted;

5.      that the State engaged in misconduct by manipulating the two child witnesses into committing perjury and by pursuing punishment on a case which had been dismissed; and

6.      that the trial court abused its discretion when it sentenced him and entered judgment after it had dismissed the charges.

Respondent argues in the Motion for Summary Judgment that Hardy's sufficiency of the evidence claim(s) is procedurally barred from review because Hardy did not raise it in a petition for discretionary review, as is required under state law. With respect to Hardy's claims about the validity of his sentence and the judgment, and the trial court's alleged abuse of discretion, Respondent maintains that the record clearly and unequivocally shows that the jury found Hardy guilty in Cause No. 1050571 – not cause No. 1022356, and that the resultant sentence and judgment in Cause No. 1050571 were valid. With respect to the remaining claims, Respondent maintains that no relief is available to Hardy under 28 U.S.C. § 2254(d) because the state courts' rejection of those claims is not contrary to or an unreasonable application of clearly established federal law.

### III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited. 28 U.S.C. § 2254(d) provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.'" *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams*, 529 U.S. at 405-406). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S.

19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000). *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd,* 124 S.Ct. 1652 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Woodford*, 534 U.S. at 27 ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative. In addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted). Moreover, it is the state

court's ultimate decision that is to be reviewed for reasonableness, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346 F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004).

IV.   Discussion

    A.   **Illegal Sentence/Abuse of Discretion Claims (Claims 1 and 6)**

In two claims, claims one and six, Hardy maintains that the jury found him guilty under Cause No. 1022356, but that the judge dismissed Cause No. 1022356 and sentenced him and entered a judgment of conviction in Cause No. 1050571. Hardy alleges as follows:

> Petitioner alleges that the trial court was [without jurisdiction] to enter a punishment sentence of (65) yrs. TDCJ-ID. Petitioner alleges that he was originally indicted under cause no. 1001806 (see: Record on appeal – with the Harris County District Clerk – Applicant's Exhibit (C), Original Indictment), which did not contain an enhancement paragraph (being at the time a 2nd degree felony, punishable by (2-20) yrs.). However, the State reindicted petitioner under cause no. 1022356. There upon, petitioner proceeded to a jury trial. And on the 12th day of January, 2006 petitioner filed a motion for the trial court to assess punishment (see: Record on Appeal with Harris County District Clerk – Applicant's Exhibit (A), Defense Motion at Time of Punishment), the State and the court agreed to grant the motion. At that precise time, the trial court (dismissed the jury), Petitioner alleges that it was at that moment, (after the jury was dismissed, having returned a guilty verdict) under cause no. 1022356, the State filed a motion to the court, at the (punishment phase), a "Motion to Dismiss" cause no. 1022356, the very cause number that the jury had just pronounced guilt up under. The trial court accepted the motion on the 12th day of January, 2006 and agreed to (dismiss cause no. 1022356). And therefore, [voided] the trial court of any further [jurisdiction] in the case; and thereafter, the court was [without authority] to enter and pronounce a sentence against petitioner. See:(Record On Appeal with Harris County District Clerk – Applicant's Exhibit (D), Motion to Dismiss cause no. 1022356). See also: (Petitioner's Appendix (D), Memorandum of Law, pgs. (7) thru (9) hereby attached.

Petitioner's § 2254 Application (Document No. 1) at 7-7A (emphasis, parenthetical and bracketed information all as in original). As found by the Texas Court of Criminal Appeals, *Ex parte Hardy*,

6

WR-20-405-02 at 127, Hardy's claims fail on the merits.

The state court records show that on December 10, 2004, Hardy was charged initially with arson in Cause No. 1001806. Tr. 4. On April 5, 2005, Hardy was re-indicted in cause No. 1022356, and two prior conviction were alleged for enhancement purposes. Tr. 21. On May 12, 2005, Cause No. 1001806 was dismissed in favor of Cause No. 1022356. Tr. 10.

On December 16, 2005, Hardy was charged by Indictment in Cause No. 1050571 with arson, and two prior convictions were alleged for enhancement purposes. Tr. 2. On January 12, 2006, Cause No. 1022356 was dismissed on the basis that Hardy had been convicted in Cause No. 1050571. Tr. 25. The transcript of the trial, the jury instructions, the jury verdict and the judgment all bear Cause No. 1050571. Hardy's claim that he was tried and found guilty by a jury in Cause No. 1022356 is flatly refuted by the record. As a consequence, Hardy's claims that his sentence is illegal (claim one), and his claim that the trial court abused its discretion (claim six) fail on the merits. The Texas Court of Criminal Appeals' rejection of these claims is therefore not contrary to or an unreasonable application of clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence, and thus, no relief is available under § 2254(d).

**B.     Ineffectiveness Claims (Claims 2 and 3)**

In his next two claims, Hardy complains that his trial and appellate counsel were ineffective, With respect to appellate counsel, Hardy complains about her filing of an *Anders* brief on appeal, as well as her failure to file a petition for discretionary review. With respect to trial counsel, Hardy complains that she did not investigate the case and failed to present alibi witnesses who could have testified that he was at work at the time the fire was set.

Hardy raised these same ineffectiveness claims in his state application for writ of habeas

7

corpus. Hardy's trial and appellate counsel, Patricia Sedita, filed an affidavit in the state habeas proceeding, in which she attested as follows in response to Hardy's allegations of ineffectiveness:

1. Whether Sedita believes she sufficiently investigated the facts and law applicable to the primary case;

    *RESPONSE: Yes. A private investigator, Audrey Rife, interviewed [Hardy] at the jail in an effort to get identifying information regarding any witnesses who might be of use to the defense. Ms. Rife followed up on all the information she was given. She also interviewed the witnesses subpoenaed by the State and took statements from them in advance of trial. None of the information she obtained was helpful to the defense.*

2. Whether Sedita believed that it was necessary or beneficial to hire an investigator in the primary case;

    *RESPONSE: see answer number 1 above*

3. Whether [Hardy] ever advised Sedita of the existence of alibi witnesses in the form of co-workers at the car wash where [Hardy] was employed;

    *RESPONSE: In many conversations with [Hardy] he never provided me or my investigator with any information about alibi witnesses, or any witnesses that could be followed up. No one was subpoenaed because I did not have full names or other identifying information on anyone.*

4. Whether Sedita believed it was necessary to interview and subpoena [Hardy's] co-workers as alibi witnesses to present at trial;

    *RESPONSE: see answer number 1 above*

5. Whether Sedita informed [Hardy] that a PDR would be filed on his behalf;

    *RESPONSE: No, there was never any mention of a Petition for Discretionary Review being filed by counsel. The brief filed in the Court of Appeals in this case was an Ander's brief. There would never be legal grounds for appellate counsel to file a PDR after filing an Ander's brief. A letter was mailed to [Hardy] on July 2, 2007, informing him of the Court of Appeals affirmance in his case and his right to file a PDR pro se. Please see attached copy of the letter sent to [Hardy].*

8

> 6. Whether Sedita informed [Hardy] of the Court of Appeals affirmance and his right to file a pro se PDR.
>
> *RESPONSE: see answer number 6 above.*

*Ex parte Hardy*, WR-20,405-02 at 120-121. The state trial court found the contents of Sedita's affidavit to be true and rejected Hardy's ineffectiveness claims. *Id.* at 126. The Texas Court of Criminal Appeals adopted those findings as its own when it denied Hardy's state application for writ of habeas corpus on the findings of the state trial court without a hearing. That adjudication of Hardy's ineffectiveness claims is not contrary to or an unreasonable application of clearly established Federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented.

Claims of ineffective assistance of trial counsel are generally measured by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Id.* at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir.

1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Claims of ineffective assistance of appellate counsel are generally assessed under the same two part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994). With respect to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *see also Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989). Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." *Rose*, 141 F.Supp.2d at 704-705. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). As for *Strickland's* prejudice prong, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction

and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001).

Here, the contents of Sedita's affidavit, which were found to be true, establish that Sedita did investigate the case, and did inquire about the identity of any alibi witnesses. It was Hardy that failed to provide her with the identity of any alibi witnesses or identifying information for any defense witness. As for counsel's performance on appeal, Hardy has identified no meritorious issue that should have been raised on direct appeal, and has not refuted the contents of counsel's affidavit in which she stated that she advised Hardy of his right to file a *pro se* petition for discretionary review. Because the record, along with the contents of Sedita's affidavit, which were found to be true, do not support Hardy's claims of ineffectiveness, the Texas Court of Criminal Appeals' rejection of Hardy's ineffectiveness claims was not contrary to or an unreasonable application of *Strickland* and its progeny, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state courts. Under § 2254(d), no relief is available on Hardy's ineffectiveness claims.

        **C.**    **Sufficiency of the Evidence Claim (Claim 4)**

In his next claim, Hardy contends that there was insufficient evidence to support his conviction. According to Hardy, the only evidence that supported his conviction came from two children whose testimony was manipulated and manufactured. In addition, Hardy complains that he was denied fingerprint evidence from the scene, and that the fire investigators failed to conduct a proper investigation of the scene.

Hardy's claim that the evidence was insufficient is procedurally barred from review in this § 2254 proceeding. The Texas Court of Criminal Appeals, in rejecting the claim, relied on a state law procedural bar when it held that Hardy's "challenge to the sufficiency of the evidence is not

cognizable in post-conviction habeas proceedings." *Ex parte Hardy*, WR-20,405-02 at 127. Federal courts are precluded from considering claims which were rejected by the last state court to have considered them on the basis of a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989). In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds. *Harris*, 489 U.S. at 261; *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Once a state court has relied on a procedural default for rejecting a habeas claim, a federal court in a federal habeas proceeding cannot review such a claim unless the petitioner shows cause and prejudice associated with the default or shows that absent a review of the claim by a federal court a fundamental miscarriage of justice will result. *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir.) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), *cert. granted*, 502 U.S. 965 (1991), *and aff'd*, 505 U.S. 333 (1992).

Here, given the state law procedural rejection of Hardy's insufficient evidence claim, as well as Hardy's failure to establish cause and prejudice associated with his failure to properly raise the claim with the state courts, or that he is actually innocent, Hardy's sufficiency of the evidence claim is procedurally barred from review herein. *See Caldwell v. Dretke*, 2005 WL 1962599 (S.D. Tex.2005); *Moore v. Dretke*, 2005 WL 1773615 (S.D. Tex.2005); *Havens v. Dretke*, 2005 WL 1150169 (N.D. Tex.2005).

Moreover, even if the claim were not procedurally barred from review, no relief is available on Hardy's sufficiency of the evidence claim(s) because the evidence was legally sufficient under

*Jackson v. Virginia*, 443 U.S. 307, 325 (1979).[1] In *Jackson*, the Supreme Court held that relief is available on a sufficiency of the evidence claim only if a petitioner can prove that no rational trier of fact could have found the existence of facts necessary to establish the offense beyond a reasonable doubt. *Id*. at 325-26. In applying *Jackson*, all evidence is viewed in the light most favorable to the prosecution, *Id.* at 319; *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983), *cert. denied*, 464 U.S. 1049 (1984), and all credibility choices and conflicts in the evidence are resolved in favor of the verdict. *United States v. Graves*, 669 F.2d 964, 969 (5th Cir. 1982).

Here, most of the State's case was based on the eyewitness testimony of two witnesses, Norma and Alfredo Reyes. Norma Reyes, eighteen years old on the date of Hardy's trial, and her brother Alfredo Reyes, eleven years old on the date of the trial, testified that they lived next door to Lynette Rogers, whose home was the subject of the arson charge at issue in this case. S.F. Vol. III at 81. Both Norma and Alfredo Reyes testified that they observed Hardy walk up the driveway of Rogers' home, that they thereafter saw smoke and flames from Rogers' home, and that they observed Hardy walking away from Rogers' home. S.F. Vol. III at 84-85, 88-90; 117-119. While neither Norma nor Alfredo Reyes testified that they saw Hardy set the fire at Rogers' home, their testimony, along with the testimony of the fire inspectors as to the intentional nature of the fire, and the testimony of Lynette Rogers and her friend, Vergie Welcome, that Hardy and Rogers had a troubled relationship, is legally sufficient under *Jackson* to support Hardy's conviction for arson.

As for Hardy's complaints about fingerprint evidence and the adequacy of the investigation that was conducted of the scene, neither allegation merits any relief in this § 2254 proceeding. The

---

[1] Any challenge to the factual sufficiency of the evidence is not cognizable in this federal habeas corpus proceeding. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002), *Wanzer v. Cockrell*, 2002 WL 31045971 (N.D. Tex. 2002).

record shows that no fingerprint evidence was obtained by investigators from the scene. S.F. Vol. III at 142-143, 182, 187-188, 215. Moreover, the adequacy of a police investigation cannot be challenged in a post-conviction proceeding unless the investigation was so inadequate that it: (1) was "tantamount to a suppression of relevant evidence", *Owens v. Foltz*, 797 F.2d 294, 296 (6th Cir. 1986), or (2) resulted in an identification procedure that was "'so unnecessarily suggestive and conducive to irreparable mistaken identification'" of the defendant as the perpetrator. *Foster v. California,* 394 U.S. 440, 442 (1969) (quoting *Stovall v. Denno*, 388 U.S. 293, 302 (1967)). When the inadequacy of the police investigation is premised on "nothing more than negligence on the part of the police investigators" and there is no indication of "any bad faith on [the part of investigators] in failing to preserve [ ] evidence," a federal due process claim has not been stated. *Holdren v. Legursky*, 16 F.3d 57, 60 (4th Cir.), *cert. denied*, 513 U.S. 831 (1994).

Here, there is no evidence of any bad faith on the part of the fire investigators, no evidence of any suppression of evidence, and no evidence that an identification process was unduly suggestive. As such, no relief is available on these claims challenging the adequacy of the investigation.

Given Hardy's state law procedural default of his sufficiency of the evidence claims, the evidence in the record which is legally sufficient under *Jackson v. Virginia* to support Hardy's conviction, and the absence of any evidence that the fire investigation was so inadequate that it rose to the level of a due process violation, no relief is available herein on Hardy's sufficiency of the evidence claims.

### D. Prosecutorial Misconduct Claims (Claim 5)

In his final claim, Hardy contends that the prosecutor engaged in misconduct by procuring and offering the perjured testimony of the two children who identified him as having been at the scene.

In addition, Hardy maintains that the prosecutor engaged in misconduct when she argued for a sentence of imprisonment in Cause No. 1050571 when she knew that he had been convicted in Cause No. 1022356.

The Texas Court of Criminal Appeals rejected Hardy's first claim of misconduct on the following findings of the state trial court:

> 7.   [Hardy's] belated claim that the prosecutor committed misconduct by manipulating two child witnesses into committing perjury is the kind of "record claim: that should have been raised on direct appeal; [Hardy] is now procedurally defaulted from litigating this issue by way of habeas. *See Ex Parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996); *Ex Parte Rojas*, 981 S.W.2d 690 (Tex. Crim. App. 1998) (Baird, J., concurring).
>
> 8.   In the alternative, because [Hardy] merely indicates that the testimony of two child witnesses at trial conflicted with something the prosecutor allegedly said during a pre-trial conference, [Hardy] fails to allege sufficient facts which, if true, would show that any State's witness committed perjury at [Hardy's] trial in the primary case. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985); TEX. PENAL CODE § 37.02(a)(1); *Luck v. State*, 588 S.W.2d 371, 373 (Tex. Crim. App. 1983); *Brown v. State*, 477 S.W.2d 617, 623 (Tex. Crim. App. 1972) (holding that mere fact that witnesses gave conflicting testimony does not alone indicate perjury).

*Ex parte Hardy*, WR-20,405-02 at 128. This rejection of Hardy's prosecutorial misconduct/perjury claim is not contrary to or an unreasonable application of clearly established Federal law nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

To prevail on a perjured testimony/false evidence claim, it must be shown (1) that the evidence presented was false; (2) that the evidence was material; and (3) that the prosecution knew that the evidence was false. *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993), *cert. denied*, 513 U.S. 830 (1994); *Shaw v. Estelle*, 686 F.2d 273, 275 (5th Cir. 1982), *cert. denied*, 459 U.S. 1215 (1983). The use of perjured testimony is material "only where 'the false testimony could in any reasonable likelihood have affected the judgment of the jury.'" *Knox v. Johnson*, 224 F.3d 470, 478

(5th Cir. 2000) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)), *cert. denied*, 532 U.S. 975 (2001). Discrepancies in testimony alone do not establish the knowing use of perjured testimony. *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *see also Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001) ("Conflicting or inconsistent testimony is insufficient to establish perjury.").

Here, there is no evidence that any testimony was false. The only discrepancy is that which was noted by the trial court – that the child witnesses' testimony about whether they had seen Hardy before the day of the fire may have conflicted with what was said by the prosecutor at a pretrial conference.[2] Such a conflict, which was not an evidentiary one, and which was not even one placed before the jury, is insufficient to support a perjured testimony claim. It is also insufficient to establish that the prosecutor engaged in misconduct that rendered Hardy's trial fundamentally unfair. The Texas Court of Criminal Appeals' rejection of this claim is not contrary to or an unreasonable application of clearly established Federal law and is not based on an unreasonable determination of the facts in light of the evidence.

---

[2] Both Norma and Alfredo Reyes testified at trial that they had never seen Hardy before the day of the fire. S.F. Vol. III at 91, 94, 117. At trial, the judge noted that this testimony may have conflicted with something the prosecutor said during a pretrial conference:

> THE COURT: Just for purposes of the record later on down the road, it was my understanding [ ] pretrial conference that the children – I guess Ms. Reyes isn't really a child anymore, but that the two witnesses knew the defendant. That turned out not to be true?
> MS. SEDITA: That's my understanding as well, actually.
> THE COURT: Was there a lineup?
> MR. VINAS [PROSECUTOR]: Yes, Judge. I have the officer who did the photospread here to testify.
> THE COURT: Okay. So, even though you haven't asked the children about it, it will be in the record:
> MR. VINAS: Yes, Judge.

S..F. Vol. III at 127-128.

As for Hardy's other prosecutorial misconduct claim– based upon the dismissal of cause no. 1022356 – that misconduct claim fails for the same reasons set forth above, namely, that Hardy was found guilty by the jury in cause no. 1050571 (not cause no. 1022356) and was sentenced by the trial judge in cause no. 1050571. No relief is available on either of Hardy's prosecutorial misconduct claims under § 2254(d).

## V.     Request for an Evidentiary Hearing

Hardy has filed a Motion for an Evidentiary Hearing (Document No. 18), asking that he be afforded an evidentiary hearing on his ineffective assistance of counsel claims.

Under 28 U.S.C. § 2254(e)(2), the Court's ability to hold an evidentiary hearing is limited as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A)   the claim relies on–
>
> > (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

An evidentiary hearing is not available in this proceeding. There are no issues of fact that remain unresolved and there is no clear and convincing evidence to overcome the presumption of correctness afforded the state court's detailed factual findings. Accordingly, Hardy's Motion for an

Evidentiary Hearing (Document No. 18) should be DENIED.

## VI.    Conclusion and Recommendation

Based on the foregoing and the conclusion that Hardy's claims are procedurally barred from review, are not cognizable in a § 2254 proceeding, or are claims for which that no relief is available under § 2254(d), the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 13) be GRANTED, that Petitioner's Federal Application for Writ of habeas Corpus (Document No. 1) and his Motion for an Evidentiary Hearing (Document No. 18) both be DENIED, and that this § 2254 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk..

Signed at Houston, Texas, this 23rd day of February, 2010.

*[signature]*

Frances H. Stacy
United States Magistrate Judge